IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS KEITH COLEMAN, #K5716**            **PLAINTIFF**

**V.**            **CIVIL ACTION No.: 1:19-cv-24-LG-RHW**

**KEITH HAVARD, et al.**            **DEFENDANTS**

### SHERIFF KEITH HAVARD, WARDEN BOBBY FAIRLEY, CAPTAIN JOHN MORAN, OFFICER TERRY ROGERS, AND DERRICK EUBANKS' ANSWER TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT

Come now Sheriff Keith Havard ("Sheriff Havard"), Warden Bobby Fairley ("Warden Fairley"), Captain John Moran ("Capt. Moran"), Officer Terry Rogers ("Off. Rogers"), and Derrick Eubanks ("Eubanks"), by and through counsel, and in response to Plaintiff's Complaint (*CM/ECF Doc No. 1*) and Amended Complaint *(CM/ECF Doc No. 5)*, would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint and Amended Complaint fail to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint and Amended Complaint fail to state facts against the answering defendants which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

## THIRD DEFENSE

Answering defendants specifically assert and invoke all defenses available to them as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

## FOURTH DEFENSE

Sheriff Havard, Warden Fairley, Capt. Moran, Off. Rogers, and Eubanks are entitled to qualified immunity as to the claims asserted against them in their individual capacities. More specifically, Sheriff Havard, Warden Fairley, Capt. Moran, Off. Rogers, and Eubanks would affirmatively aver that the Plaintiff's Complaint and Amended Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, their conduct was objectively reasonable.

## FIFTH DEFENSE

Insofar as any state law claims are concerned, the answering defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

## SIXTH DEFENSE

Answering defendants deny that they have been guilty of any actionable conduct.

## SEVENTH DEFENSE

## ADMISSIONS AND DENIALS

And now without waiving any defenses heretofore or hereinafter set forth, the answering defendants respond to the Plaintiff's Complaint and Amended Complaint, paragraph by paragraph, as follows:

### COMPLAINT (*CM/ECF Doc. No.1*)

As for the first unnumbered paragraph on page 1 of Plaintiff's Complaint, answering defendants deny each and every allegation contained therein.

As for the second unnumbered paragraph on page 1 of Plaintiff's Complaint, answering defendants deny each and every allegation contained therein.

As for the third unnumbered paragraph on page 1 of Plaintiff's Complaint, answering defendants deny each and every allegation contained therein.

As for the fourth unnumbered paragraph on page 1 of Plaintiff's complaint, answering defendants deny each and every allegation contained therein and would affirmatively aver Plaintiff is not entitled to any relief whatsoever.

Plaintiff:   Answering defendants admit, upon information and belief, Plaintiff is being housed in Central Mississippi Correctional Facility.

Defendants:   Answering defendants admit that Keith Havard is the duly-elected Sheriff of George County, Mississippi and that Bobby Fairley is the Warden of the George County Regional Correctional Facility. Answering defendants further admit Ms. Rogers is an Administrative Assistant and that Mr. Eubanks is a nurse at the

GCRCF. Answering defendants deny the remaining allegations of the second unnumbered paragraph on pages 2 and 3 of Plaintiff's Complaint.

## BASIS OF JURISDICTION

(A) Without waiving any immunities, restrictions or limitations, answering defendants admits that this Court has jurisdiction as Plaintiff is asserting a federal claim. Answering defendants deny the remaining allegations of paragraph A of Plaintiff' Complaint.

(B) Answering defendants deny the allegations of paragraph B of Plaintiff's Complaint.

(C) Answering defendants deny the allegations of paragraph C of Plaintiff's Complaint.

(D) Answering defendants deny the allegations of paragraph D of Plaintiff's Complaint.

### (Prisoner Status)

Answering defendants admit, upon information and belief, the allegations of the unnumbered paragraph pertaining to prisoner status on page 4 of Plaintiff's Complaint.

### (Statement of Claim)

(A) Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph A of Plaintiff's Complaint and, as such, deny the same.

(B) Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph B of Plaintiff's Complaint and, as such, deny the same.

(C) Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph C of Plaintiff's Complaint and, as such, deny the same.

(D) Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph D of Plaintiff's Complaint and, as such, deny the same.

**Injuries**

Answering defendants deny the allegations of the unnumbered paragraph pertaining to injuries on page 5 of Plaintiff's Complaint.

**(Relief Requested)**

Answering defendants deny each and every allegation of the unnumbered paragraph pertaining to relief requested on pages 5 and 6 of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**Exhaustion of Administrative Remedies Administrative Procedure**

(A) Answering defendants deny the allegations of paragraph A of Plaintiff's Complaint.

(B) Answering defendants admit the allegations of paragraph B of Plaintiff's Complaint.

(C)  Answering defendants deny the allegations of paragraph C of Plaintiff's Complaint.

(D)  Answering defendants deny the allegations of paragraph D of Plaintiff's Complaint.

(E)  Answering defendants deny the allegations of paragraph E of Plaintiff's Complaint.

(2)  Answering defendants deny the allegations of paragraph 2 of Plaintiff's Complaint.

(3)  Answering defendants deny the allegations of paragraph 3 of Plaintiff's Complaint.

(4)  Answering defendants deny the allegations of paragraph 4 of Plaintiff's Complaint.

(F)  Paragraph F of Plaintiff's Complaint does not contain allegations to the extent a response is deemed necessary, answering defendants deny the allegations of paragraph F of Plaintiff's Complaint.

(G)  Answering defendants deny the allegations of paragraph G of Plaintiff's Complaint.

**(Previous Lawsuits)**

Answering defendants lack information sufficient to make a determination as to the truth of the allegations of the unnumbered paragraph pertaining to previous lawsuits and, as such, deny the same.

**Certificate of Closing**

Answering defendants deny the allegations of the unnumbered paragraph of Plaintiff's Complaint pertaining to the certificate of closing.

As for the last unnumbered paragraph on page 8 of Plaintiff's Complaint, answering defendants deny the same.

Answering defendants would state that any allegations that is not specifically admitted is denied.

**AMENDED COMPLAINT (*CM/ECF Doc. No. 5*)**

**GENERAL INFORMATION**

A. Answering defendants admit the allegations of paragraph A of Plaintiff's Complaint.

B. Answering defendants admit the allegations of paragraph B of Plaintiff's Complaint.

C. Answering defendants admit, upon information and belief, the allegations of paragraph C of Plaintiff's Complaint.

D. Answering defendants admit, upon information and belief, the allegations of paragraph D of Plaintiff's Complaint.

E. Answering defendants admit the allegations of paragraph E of Plaintiff's Complaint.

F. Answering defendants admit the allegations of paragraph F of Plaintiff's Complaint.

## PARTIES

I.  Answering defendants admit, upon information and belief, the allegations of paragraph I of Plaintiff's Complaint.

II.  Answering defendants admit that Keith Havard is the duly elected Sheriff of George County, Mississippi, and that Bobby Fairley is the Warden of the George County Regional Correctional Facility ("GCRCF"). Answering defendants further admit that John Moran, Terry Rogers and Derrick Eubanks are employed by George County, Mississippi. Answering defendants deny the remaining allegations of paragraph II of Plaintiff's Complaint.

## OTHER LAWSUITS FILED BY PLAINTIFF

A.  Answering defendants admit, upon information and belief, the allegations of paragraph A of Plaintiff's Complaint.

B.  Answering defendants admit, upon information and belief, the allegations of paragraph B of Plaintiff's Complaint.

## STATEMENT OF CLAIM

III.  Answering defendants lack information sufficient to make a determination as to the truth of the allegations that Plaintiff fell while employed and suffered medical injuries and, as such, deny the same. Answering defendants deny the remaining allegations of paragraph III of Plaintiff's Complaint.

**RELIEF**

IV. Answering defendants deny the allegations of paragraph IV of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**ATTACHMENT**

Answering defendants deny each and every allegation contained in Plaintiff's attachment to Statement of Claim on pages 5 through 7 of the Amended Complaint and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**EIGHTH DEFENSE**

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**NINTH DEFENSE**

Answering defendants aver that they have met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incidents in question.

**TENTH DEFENSE**

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims

are concerned. Additionally, answering defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

**TWELTH DEFENSE**

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

**THIRTEENTH DEFENSE**

Answering defendants invoke *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

**FOURTEENTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint and Response to Court's Order filed against them, the answering defendants request that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:** September 23, 2019.

Respectfully submitted,

**SHERIFF KEITH HAVARD, WARDEN BOBBY FAIRLEY, CAPTAIN JOHN MORAN, OFFICER TERRY ROGERS, AND DERRICK EUBANKS**

By: */s/ William R. Allen*
One of Their Attorneys

WILLIAM R. ALLEN (MSB # 100541)
CHRISTINA J. SMITH (MSB #105483)
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
wallen@aabalegal.com
csmith@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer to Plaintiff's Complaint and Amended Complaint to with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

>   Thomas K. Coleman, #K5716
>   C.M.C.F.
>   G Building, Bed 67
>   P.O. Box 88550
>   Pearl, MS 39288
>       *Plaintiff, Pro Se*

This the 23rd day of September, 2019.

*/s/ William R. Allen*
OF COUNSEL